UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JASON HUNTER and<br>(2) WALTER NORTON,<br><br>      Defendants | Criminal No.   24cr10090<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Count Two: Possession with Intent to Distribute and Distribution of 500 Grams or More of a Mixture and Substance Containing Methamphetamine, 500 Grams or More of Cocaine, and Other Controlled Substances<br>(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii))<br><br>Count Three: Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine and Marijuana<br>(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii))<br><br>Count Four: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

1

On or about April 3, 2024, in Revere, in the District of Massachusetts, and elsewhere, the defendants,

(1) JASON HUNTER and
(2) WALTER NORTON,

conspired with each other and with other persons unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) JASON HUNTER and (2) WALTER NORTON. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendant (1) JASON HUNTER and (2) WALTER NORTON.

All in violation of Title 21, United States Code, Section 846.

Before the defendant, (2) WALTER NORTON, committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Section 846 (*see United States v. Walter Norton*, District of New Hampshire Case 1:04-cr-00057-JD), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

COUNT TWO
Distribution of and Possession with Intent to Distribute
500 Grams or More of a Mixture and Substance Containing Methamphetamine,
500 Grams or More of Cocaine, and Other Controlled Substances
(21 U.S.C. §§ 841(a)(1), (b)(A)(viii), and (b)(1)(B)(ii))

The Grand Jury further charges:

On April 3, 2024, in Revere, in the District of Massachusetts, the defendant,

(1) JASON HUNTER,

did knowingly and intentionally distribute and possess with intent to distribute 500 grams or more

of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance; 500 grams or more of a mixture and substance containing a detectable

amount of cocaine, a Schedule II controlled substance; and other controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and

(b)(1)(B)(ii).

<u>COUNT THREE</u>
Possession with Intent to Distribute
500 Grams or More of a Mixture and Substance Containing Methamphetamine
and Marijuana
(21 U.S.C. §§ 841(a)(1) and (b)(A)(viii))

The Grand Jury further charges:

On April 3, 2024, in Lynnfield, in the District of Massachusetts, and elsewhere, the

defendant,

(2) WALTER NORTON,

did knowingly and intentionally distribute and possess with intent to distribute 500 grams or more

of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance; and marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

Before the defendant, (2) WALTER NORTON, committed the offense charged in this

count, the defendant was convicted of violating Title 21, United States Code, Section 846 (*see*

*United States v. Walter Norton*, District of New Hampshire Case 1:04-cr-00057-JD), a serious

drug felony, for which he served more than 12 months of imprisonment and for which he was

released from serving any term of imprisonment related to that offense within 15 years of the

commencement of the instant offense.

4

## COUNT FOUR
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

From on or about February 27, 2024, through on or about April 3, 2024, in Revere, in the District of Massachusetts, and elsewhere, the defendant,

(1) JASON HUNTER,

conspired with others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 846 and 841, set forth in Counts One through Three, the defendants,

> (1) JASON HUNTER and
> (2) WALTER NORTON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.   The property to be forfeited includes, but is not limited to, the following assets:

> a.  $100,100 in United States currency seized from Jason Hunter on April 3, 2024; and
>
> b.  $14,280 in United States currency seized from 354 Revere Street, Revere, Massachusetts, on April 3, 2024.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the property

described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count Four, the defendant,

### (1) JASON HUNTER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.   The property to be forfeited includes, but is not limited to, the following:

    a.   $100,100 seized from Jason Hunter on April 3, 2024.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL


_C. J. Pelly_____
FOREPERSON


_Katherine Ferguson_____
KATHERINE FERGUSON
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


District of Massachusetts: April 11, 2024
Returned into the District Court by the Grand Jurors and filed.


                                        /s/Douglas Warnock
                                   _____
                                   DEPUTY CLERK      1:45 PM


9