UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 24-10090-WGY

UNITED STATES OF AMERICA

v.

WALTER NORTON

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

May 6, 2024

Boal, M.J.

    The defendant, Walter Norton, is charged in an indictment with conspiracy to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(A)(viii). An initial appearance was held on April 4, 2024, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(c) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act) and 3142(f)(2)(A) (serious risk of flight). At the detention hearing, the government added, as a basis for detention 18 U.S.C. § 4142(f)(1)(B) (defendant is charged with an offense for which the maximum sentence is life imprisonment).

    Norton originally consented to voluntary detention without prejudice. See Docket No. 8. On April 22, 2024, Norton filed a motion for release from custody. Docket No. 16. I held a detention hearing on April 23, 2024, at which the parties proceeded by proffer. The government

1

introduced two exhibits into evidence. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services report recommending release on conditions, I order Norton detained pending trial.

## I.  ANALYSIS

### A.  The Bail Reform Act

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a

"rebuttable presumption" of danger and flight arises.  18 U.S.C. § 3142(e).  The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk.  United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990).  Without credible evidence to rebut the presumption, the presumption alone may justify detention.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the Government.  Jessup, 757 F.2d at 381.

      B.      **Nature Of The Offense And Weight Of The Evidence**

The government alleges that, on April 3, 2024, while agents were surveilling a location in Revere, Massachusetts in anticipation of the delivery of drug proceeds to undercover agents, they observed Norton arrive at the target location.  After Norton left the target location, police attempted to stop his vehicle.  Norton discarded a bag containing approximately 4.5 kilograms of orange pills that field tested positive for fentanyl or methamphetamine.  Police also seized marijuana from a bag that Norton had carried out of the target location.

If convicted, Norton faces a mandatory minimum sentence of 15 years.

      C.      **Defendant's History And Characteristics**

Norton, age 44, was born in Lowell, Massachusetts.  He was unemployed at the time of his arrest but was employed full time from 2015 through December 2023.  He has a pending offer for full-time employment if released by the Court.

Norton's adult criminal history dates back to 1999, including convictions for drug offenses and assault and battery.  On November 29, 2004, Norton pled guilty to conspiracy to distribute more than 500 grams of cocaine in the U.S. District Court for the District of New

Hampshire and was sentenced to 132 months in custody to be followed by 48 months of supervised release.  He was released from prison in 2013.  In 2016, while on supervised release, Norton was arrested and charged in Lowell District Court with possession with intent to distribute a Class B substance.  Norton maintains that this charge resulted from his unlawful possession of approximately 12 Percocet tablets, which he was taking to alleviate chronic back pain while awaiting surgery.  The charges were reduced to simple possession Class B, a misdemeanor.  Norton was found guilty.

      D.    **Risk Of Flight**

After being released from custody in 2013, Norton moved to New Hampshire, where he lived with his mother and brother.  He and his long-time partner purchased a home in Atkinson, New Hampshire in 2022.  Norton has five siblings, three of which live in New Hampshire.  He also has other family in the Lowell, Massachusetts area.

Norton has a U.S. passport.  He reported travel to Curacao, Aruba, Jamaica, and Mexico.

On the day of his arrest, a Massachusetts State Trooper initiated a traffic stop of Norton on 95 southbound.  Norton did not stop for the trooper, instead, he cut across several lanes of traffic, hitting another car.  He then exited his vehicle and attempted to flee on foot.

      E.    **Dangerousness**

The instant charge against Norton is one of narcotics trafficking, which is encompassed within Congress' definition of danger to the community.  United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985).  In addition, as discussed above, his criminal history includes a conviction for a prior significant drug trafficking offense.

      F.    **Assessment Of All Factors**

After carefully evaluating the evidence in light of the criteria for detention set forth in 18

U.S.C. § 3142, this Court finds that the government has met its burden regarding detention. While the defendant has long-standing ties to the community, his criminal history raises concerns for both dangerousness and risk of flight. His criminal record includes several drug related arrests and convictions, including a prior federal conviction for which he was sentenced to 11 years in prison. While on supervised release on that case, he incurred a new drug arrest and conviction. His record also shows other failures to appear as well as noncompliance with release conditions. Moreover, he attempted to flee from police on the day of his arrest. In light of the foregoing, as well as the nature of the charges, the sheer amount of drugs involved, and the potential lengthy sentence Norton faces, I find that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## **ORDER OF DETENTION**

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Walter Norton be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Walter Norton be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Walter Norton is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**RIGHT OF APPEAL**

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge